MILES K. LEWIS et al., Appellants, v. JOHN ROYLE & SONS, Respondent.— Appeal from an order of the Supreme Court at a Trial Term, entered in Broome County, which dismissed certain causes of action alleged in the complaint on the ground that they are barred by the Statute of Limitations (CPLR 213, subd. 2). The appellant Miles K. Lewis was an employee of the Endicott Johnson Corporation and on June 27, 1968 suffered injury when his hand and arm became caught in an extruding machine manufactured by the respondent. The summons was served on respondent on July 7, 1969. After issue was joined, the respondent moved to dismiss the second and third causes of action based on breach of warranty and also so much of the fourth cause of action on behalf of the appellant Gladys Lewis as represented her derivative rights on breach of warranty on the grounds that they were barred by the Statute of Limitations. Respondent alleges that the machine in question was sold to the Endicott Johnson Corporation June 6, 1963 and that the causes of action, if any, against respondent arose at the time of the sale and were, therefore, barred because of the six-year limitation (CPLR 213, subd. 2; *Mendel* v. *Pittsburgh Plate Glass Co.*, 25 N Y 2d 340). Under the effective statute at the time of the sale, title to the machine passed at such time as the parties intended. (Personal Property Law, § 99.) In the absence of explicit contrary intention, the transaction is judged by certain pertinent rules contained in section 100 of the Personal Property Law. The machine was delivered in three separate shipments, May 16, May 24 and June 6, 1963, each shipment "F.O.B. Paterson" with collection to be made upon delivery to Endicott Johnson Corporation at Johnson City, New York. By application of the statute, it is clear that title to the extruding machine passed to the buyer on June 6, 1963, the last date when any part of the order was delivered to the carrier at Paterson for shipment. At that time, the goods were ascertained and unconditionally appropriated to the contract. (Personal Property Law,

§ 100, rule 4, subd. 2.) The buyer's intention was expressed also by the fact that its accountants began to depreciate the machine in June, 1963 and the corporation made its own repairs on the machine during May and June of 1963. It considered the sale consummated at that time. There is no merit to appellant's argument that the cause of action does not arise until the machine becomes operable CPLR 213 (subd. 2) and *Mendel* v. *Pittsburgh Plate Glass Co.* (*supra*) expressly state otherwise. Appellants' other contentions have been considered and are without merit. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Sweeney and Simons, JJ., concur.